■ PARVIZ FARAHZAD, Appellant, v TOWN BOARD OF THE TOWN OF RIVERHEAD, Respondent. [631 NYS2d 895] —In an action, *inter alia,* for a judgment declaring unconstitutional section 108-169 of the Code of the Town of Riverhead, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered April 21, 1994, which, *inter alia,* declared that section 108-169 of the Code of the Town of Riverhead is constitutional and prevents the plaintiff from erecting rental apartments in the multifamily residential, professional office district of the Town of Riverhead.

Ordered that the judgment is affirmed, with costs.

Because zoning is a legislative act, zoning ordinances and amendments enjoy a strong presumption of constitutionality, and the burden rests on the party challenging them to overcome that presumption beyond a reasonable doubt *(see, Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338, 344; *see also, Asian Ams. for Equality v Koch,* 72 NY2d 121, 131).

The plaintiff has not rebutted the presumption of constitutionality attributed to section 108-169 of the Code of the Town of Riverhead (hereinafter section 108-169). The plaintiff has not established that section 108-169 was enacted for an improper purpose or that it was enacted without giving proper regard to local and regional housing needs and that it has an exclusionary effect *(see, Robert E. Kurzius, Inc. v Incorporated*

*Vil. of Upper Brookville, supra,* at 345). Additionally, the plaintiff has not demonstrated that section 108-169 was not enacted in accordance with a properly balanced and well-ordered plan for the community or that regional needs and requirements were not considered in enacting it *(see, Berenson v Town of New Castle,* 38 NY2d 102). Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.